RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/24/14
        MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JERRY FLETCHER #583831                    DOCKET NO. 14-CV-1762; SEC. P

VERSUS                                     JUDGE DEE D. DRELL

RONNIE TERRELL, ET AL.                    MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of Plaintiff Jerry Fletcher, filed pro se and *in forma pauperis*. Plaintiff is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He names as defendants Kimberly and Ronnie Terrel and Hardy Dunn of the Rapides Sheriff Department.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Plaintiff's Allegations*

Plaintiff complains about the sale of a boat on July 6, 2012. He states that he and Ronnie Terrel traded boats, but that Ronnie waited until the next year before completing the paperwork related to the sale. Plaintiff was incarcerated in May of 2013, and apparently never received the final paperwork. Plaintiff says that his friend, who was looking after Plaintiff's affairs while incarcerated, was threatened with arrest if he did not release Plaintiff's boat to Ronnie Terrel. Plaintiff's friend was informed that Plaintiff would have to file a civil suit against Ronnie if he

wanted to seek redress. Plaintiff claims that Ronnie Terrel had someone assist him in forging and changing the title to the two boats, both to Terrel's name.

Plaintiff also claims that Kim and Ronnie stole things from his trailer when he asked them to go feed his pet cat while he was in jail. Additionally, he seeks compensation for a pool table that he left at the Terrel's home, reimbursement for a dress that he purchased for the Terrel's daughter, and money that he spent on school supplies that Kim Terrel was supposed to repay.

Plaintiff complains that he called the Sheriff Department to report the incidents, but they would not do anything for him.

### Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[1] "fantastic,"[2], and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Section 1983 permits private individuals to sue **state actors** to enforce constitutional rights as well as rights created by federal statutes that unambiguously confer substantive rights upon a class of beneficiaries. See Johnson v. Housing Auth. of Jefferson Parish, 442 F.3d 356, 359 (5th Cir. 2006). To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

(1988). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State," which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." Landry v. A-Able Bonding, Inc., 75 F.3d 200, 203-04 (5th Cir. 1996) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The "under-color-of-state-law" element of §1983 *excludes* from its reach "'merely private conduct, no matter how discriminatory or wrongful.'" Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948).

Plaintiff has not alleged the violation of a constitutional right by a state actor. The Terrels are certainly not state actors, they are private parties, and his dispute with them involves private personal property. Plaintiff has not presented any factual allegations against or personally involving Hardy Dunn.

Additionally, to the extent that he seeks the prosecution of Ronnie Terrel, there is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir.1990). The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La.

C.Cr.P. arts. 61 and 62.

In short, to the extent that Plaintiff's complaint purports to arise under the provisions of 42 U.S.C. §1983, it is frivolous.

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED and DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6